Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant FINANCIAL CREDIT NETWORK, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SLOATMAN IV,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL CREDIT NETWORK, INC.,<br><br>    Defendant. | Federal Case No.<br><br>Los Angeles County Case No.: 16K07543<br><br>**DEFENDANT FINANCIAL CREDIT NETWORK, INC.'S NOTICE OF REMOVAL TO DISTRICT COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant FINANCIAL CREDIT NETWORK, INC., hereby removes to this Court the state court action described below:

1. On, June 16, 2016, an action was commenced in Superior Court, State of California, Los Angeles County, entitled JOHN SLOATMAN, IV, Plaintiff, v. FINANCIAL CREDIT NETWORK, INC., Defendant, as case no. 16K07543.

2. On or about June 17, 2016, FINANCIAL CREDIT NETWORK, INC., was served with the Summons and Complaint, attached hereto as **Exhibit A**.

3. This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one

1  which may be removed to this Court by defendant pursuant to the provisions of **28
2  U.S.C. § 1441(a)** in that it arises under the federal Fair Debt Collection Practices Act
3  **(15 U.S.C. § 1692,** *et seq.***).**

4  Dated: July 15, 2016

                    ELLIS LAW GROUP, LLP

                    By _____
                    Amanda N. Griffith
                    Attorney for Defendant
                    FINANCIAL CREDIT NETWORK, INC.

DEFENDANT FINANCIAL CREDIT NETWORK, INC.'S NOTICE OF REMOVAL TO DISTRICT COURT

# EXHIBIT A

**COPY**

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FINANICAL CREDIT NETWORK, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN SLOATMAN IV

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 16 2016

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles
111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER: 16K07548

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: JUN 1 6 2016
*(Fecha)*

Clerk, by SHERRI R. CARTER / VICTOR SINO-CRUZ , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Financial Credit Network, Inc.**

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

**COPY**

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (2803332)
   Law Offices of Todd M. Friedman, P.C.
3  324 S. Beverly Dr. #725
   Beverly Hills, CA 90212
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   Attorneys for Plaintiff
7

**CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles**

**JUN 1 6 2016**

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  FOR THE COUNTY OF LOS ANGELES
                        LIMITED JURISDICTION
10

11  JOHN SLOATMAN IV,              )   CASE NO.: **16K07548**
                                   )
12              Plaintiff,         )   COMPLAINT
                                   )
13                                 )   1. Violation of Rosenthal Fair Debt
    -vs-                           )      Collection Practices Act
14                                 )   2. Violation of the Federal Fair Debt
                                   )      Collection Practices Act
15  FINANICAL CREDIT NETWORK, INC.,)   3. Violation of California Consumer
16                                 )      Credit Reporting Agencies Act
                Defendant.         )   Jury Trial Demanded
17  _____ )   (Amount Not to Exceed $10,000)
18
                           **I. INTRODUCTION**
19
       1. This is an action for damages brought by an individual consumer for Defendant's
20
   violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*
21
   (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692,
22
   *et seq.*, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair
23
   practices; and for Defendant's violations of the California Consumer Credit Reporting Agencies
24
   Act, California Civil Code § 1785.25 (a) (hereinafter "CA CCRA"), which regulate the
25
   collection, dissemination, and use of consumer information, including consumer credit
26
   information
27
28

**BY FAX**

1

## II. PARTIES

2. Plaintiff, JOHN SLOATMAN IV ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a and the FDCPA, 15 U.S.C. §1692a(3).

3. At all relevant times herein, Defendant, FINANICAL CREDIT NETWORK, INC., ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f) and a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c) and the FDCPA, 15 U.S.C. §1692a(6). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the CACCRA.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff owes a past due balance. However, Plaintiff is informed, upon valid information and belief, that Plaintiff does not owe the alleged past due balance.

5. Previous to the reporting Defendant never provided Plaintiff with any written correspondence in relation to the alleged debt.

6. Plaintiff sent a cease and desist letter to the Defendant and requesting a validation of the requested debt.

7. Defendant responded by indicating that the investigation into the status of Plaintiff's alleged debt was inconclusive.

8. Due to the reporting, Defendant suffered emotional stress and a tarnished credit score that could, will, and will continue to, prevent him from certain purchases and/or loans.

9. On February 04, 2016, Plaintiff's counsel sent a notice of representation to Defendant. Defendant has failed to respond favorably, if at all, to Plaintiff's counsel's letter at this time.

10. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

   b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8))

   c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

   d) Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt (§ 1692c(c));

   e) After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§ 1692g(b)); and

   f) Violation of the California Consumer Credit Reporting Agencies Act (CACCRA).

11. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

12. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

13. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

3

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

15. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

16. Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

19. Defendant violated sections the CA CCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):
   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

20. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

4

21. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

22. As a result of the above violations of the RFDCPA, FDCPA, and CACCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A. Actual damages;
   B. Statutory damages for willful and negligent violations;
   C. Costs and reasonable attorney's fees; and
   D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff reincorporates by reference all of the preceding paragraphs.

26. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

### COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

27. Plaintiff incorporates by reference all of the proceeding paragraphs.

28. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

29. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

30. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

31. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

32. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;
(b) Statutory damages;

6

(c) Costs and reasonable attorney's fees;
(d) For such other and further relief as the Court may deem just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 16th day of June, 2016

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

7

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On July 15, 2016, I served the following document(s) on the parties in the within action:

**DEFENDANT FINANCIAL CREDIT NETWORK, INC.'S NOTICE OF REMOVAL TO DISTRICT COURT**

| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|---|---|

Todd Friedman  
Adrian R. Bacon  
Law Offices of Todd Friedman  
324 S. Beverly Dr.  
Suite 725  
Beverly Hills, CA 90212

Attorneys for Plaintiff  
John Sloatman IV

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 15, 2016.

By: /s/ Jennifer Mueller  
Jennifer Mueller

- 3 -

DEFENDANT FINANCIAL CREDIT NETWORK, INC.'S NOTICE OF REMOVAL TO DISTRICT COURT